**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| STEFFINIE BREWER<br>61 West Alex Bell Road<br>West Carrollton, Ohio 45449, | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |
| BOARD OF TRUSTEES OF HARRISON<br>TOWNSHIP<br>5945 Dixie Drive<br>Dayton, Ohio 45414 | )<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED<br>HEREIN** |
| -and- | )<br>) | |
| MICHAEL CRIST<br>5945 Dixie Drive<br>Dayton, Ohio 45415 | )<br>)<br>) | |
| -and- | )<br>) | |
| BARRY HASSER<br>2229 1/2 Iroquois Avenue<br>Springfield, Ohio 45506, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Steffinie Brewer, by and through undersigned counsel, as her Complaint against

Defendant Board of Trustees of Harrison Township ("Harrison Township"), Michael Crist, and

Barry Hasser, states and avers the following:

**PARTIES AND VENUE**

1. Brewer is a resident of the city of West Carrollton, Montgomery County, Ohio.

2. Harrison Township is a political subdivision located in Montgomery County, Ohio.

3. Harrison Township is and, at all times herein, was an employer within the meaning of R.C. §
   4112.01 *et seq.*

4. Crist is a resident of the state of Ohio.

5. Hasser is a resident of the state of Ohio.

6. All of the material events alleged in this Complaint occurred in Montgomery County, Ohio.

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Brewer is alleging a Federal Law Claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; and 42 U.S.C. § 1983.

8. This Court has supplemental jurisdiction over Brewer's state law claims pursuant to 28 U.S.C. § 1367 as Brewer's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

10. Within 300 days of the conduct alleged below, Brewer filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2024-02531 against Harrison Township ("Brewer EEOC Charge").

11. Brewer dually filed the Brewer EEOC Charge with the EEOC and the Ohio Civil Rights Commission ("OCRC").

12. On or about March 13, 2025, the U.S. Department of Justice issued a Notice of Right to Sue letter to Brewer regarding the Brewer EEOC Charge.

13. Brewer received her Right to Sue letter in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

14. Within two years of the conduct alleged below, Plaintiff filed charges of discrimination against Crist and Hasser in the OCRC.

15. Harrison Township is the employer of Crist and Hasser within the meaning of R.C. § 4112.052(B)(4)(b).

2

16. Brewer has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

17. Brewer has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

18. Brewer has properly exhausted her administrative remedies pursuant to R.C. § 4112.052.

## FACTS

19. On or about February 12, 2023, Brewer began working for Harrison Township's fire department.

20. Harrison Township employed Brewer as a paramedic.

21. Brewer is female.

22. Harrison Township employed Hasser as a lieutenant.

23. Hasser is male.

24. As a lieutenant, Hasser was Brewer's superior.

25. Hasser did not participate in the decision to hire Brewer.

26. Hasser made discriminatory comments about women toward Brewer and her female coworkers ("Sexist Comments").

27. Among the Sexist Comments, Hasser said, "Women don't belong in the fire service."

28. Among the Sexist Comments, Hasser said, "I won't support a full-time female."

29. Among the Sexist Comments, Hasser said, "Women destroy the workforce."

30. Among the Sexist Comments, Hasser said, "Studies have shown more work gets done when women aren't present."

31. Among the Sexist Comments, Hasser said, "Women belong in the kitchen."

32. Among the Sexist Comments, Hasser said, "Women are built cheap."

33. Among the Sexist Comments, Hasser said that a WNBA basketball game "would be less boring if it weren't women."

34. Hasser made Sexist Comments on at least 10 occasions.

35. The Sexist Comments were severe.

36. The Sexist Comments were pervasive.

37. Hasser made the Sexist Comments because of sex.

38. Hasser's actions created a hostile work environment on the basis of sex.

39. In the alternative, Hasser attempted to create a hostile work environment on the basis of sex.

40. Crist witnessed Hasser's Sexist Comments.

41. Crist was the chief of Harrison Township's fire department.

42. Multiple other of Hasser's superiors witnessed the Sexist Comments.

43. Harrison Township has a progressive disciplinary policy ("Discipline Policy").

44. A verbal warning is the lowest level of discipline in the Discipline Policy.

45. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

46. A termination is the highest level of discipline in the Discipline Policy.

47. In response to the Sexist Comments, Harrison Township did not give Hasser a verbal warning.

48. In response to the Sexist Comments, Harrison Township did not give Hasser a written warning.

49. In response to the Sexist Comments, Harrison Township did not terminate Hasser's employment.

50. In response to the Sexist Comments, Harrison Township did not give Hasser a suspension.

51. In response to the Sexist Comments, Harrison Township did not give Hasser a demotion.

52. In response to the Sexist Comments, Harrison Township did not give Hasser any discipline at all.

4

53. On or about May 28, 2024, Brewer submitted a written report of the Sexist Comments to Crist ("Written Report").

54. In response to the Written Report, Harrison Township did not give Hasser a verbal warning.

55. In response to the Written Report, Harrison Township did not give Hasser a written warning.

56. In response to the Written Report, Harrison Township did not terminate Hasser's employment.

57. In response to the Written Report, Harrison Township did not give Hasser a suspension.

58. In response to the Written Report, Harrison Township did not give Hasser a demotion.

59. In response to the Written Report, Harrison Township did not give Hasser any discipline at all.

60. On or about June 13, 2024, Harrison Township terminated Brewer's employment ("Termination").

61. Crist was involved in the decision to give Brewer the Termination.

62. Hasser was involved in the decision to give Brewer the Termination.

63. Brewer did not receive a verbal warning before the Termination.

64. Brewer did not receive a written warning before the Termination.

65. Harrison Township knowingly skipped progressive disciplinary steps in terminating Brewer's employment.

66. Harrison Township knowingly terminated Brewer's employment.

67. Harrison Township knowingly took an adverse employment action against Brewer.

68. Harrison Township knowingly took an adverse action against Brewer.

69. Harrison Township intentionally skipped progressive disciplinary steps in terminating Brewer's employment.

70. Harrison Township intentionally terminated Brewer's employment.

71. Harrison Township intentionally took an adverse employment action against Brewer.

72. Harrison Township intentionally took an adverse action against Brewer.

73. Harrison Township knew that skipping progressive disciplinary steps in terminating Brewer's employment would cause Brewer harm, including economic harm.

74. Harrison Township knew that terminating Brewer's employment would cause Brewer harm, including economic harm.

75. Harrison Township willfully skipped progressive disciplinary steps in terminating Brewer's employment.

76. Harrison Township willfully terminated Brewer's employment.

77. Harrison Township willfully took an adverse employment action against Brewer.

78. Harrison Township willfully took an adverse action against Brewer.

79. On or about June 13, 2024, Harrison Township terminated Brewer's employment because of sex.

80. In the alternative, Hasser attempted to get Harrison Township to terminate Brewer's employment on the basis of sex.

81. On or about June 13, 2024, Harrison Township terminated Brewer's employment because she opposed sex discrimination.

82. As a direct and proximate result of Defendants' conduct, Brewer suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

### (Defendant Harrison Township)

83. Brewer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

84. Brewer is a member of a statutorily protected class based on her gender under Title VII.

85. Defendants treated Brewer differently than other similarly-situated employees based on her gender.

86. Defendants discriminated against Brewer on the basis of her gender throughout her employment with the company.

87. Defendants terminated Brewer's employment without just cause.

88. Defendants terminated Brewer's employment based on her gender.

89. Defendants' discrimination against Brewer based on her gender violates Title VII.

90. As a direct and proximate result of Defendants' conduct, Brewer suffered and will continue to suffer damages, including economic and emotional distress and physical sickness damages.

## COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

### (Defendant Harrison Township)

91. Brewer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

92. Brewer is a member of a statutorily protected class based on her gender under R.C. § 4112.02.

93. Defendants treated Brewer differently than other similarly-situated employees based on her gender.

94. Defendants discriminated against Brewer on the basis of her gender throughout her employment with the company.

95. Defendants terminated Brewer's employment without just cause.

96. Defendants terminated Brewer's employment based on her gender.

97. Defendants' discrimination against Brewer based on her gender violates R.C. § 4112.01 *et seq.*

98. As a direct and proximate result of Defendants' conduct, Brewer suffered and will continue to suffer damages, including economic and emotional distress and physical sickness damages.

## COUNT III: HOSTILE WORK ENVIRONMENT ON THE BASIS OF GENDER DISCRIMINATION, IN VIOLATION OF TITLE VII

### (Defendant Harrison Township)

99. Brewer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

100. During her employment with Harrison Township, Brewer was subjected to offensive and harassing conduct by Hasser based on her gender.

101. Harrison Township knew or should have known of the harassing conduct against Brewer by Hasser.

102. Defendants Crist and Harrison Township condoned, tolerated, and ratified this harassing conduct.

103. This harassing conduct was severe and/or pervasive.

104. This harassing conduct was offensive to Brewer.

105. This harassing conduct interfered with Brewer's ability to perform her job duties.

106. Defendants' offensive and harassing conduct created a hostile and/or abusive work environment for Brewer.

107. Defendants' offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Brewer.

108. As a direct and proximate result of Defendants' conduct, Brewer suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT IV: HOSTILE WORK ENVIRONMENT ON THE BASIS OF GENDER
DISCRIMINATION, IN VIOLATION OF R.C. § 4112.01 *et seq.***

**(Defendant Harrison Township)**

109. Brewer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

110. During her employment with Harrison Township, Brewer was subjected to offensive and harassing conduct by Hasser based on her gender.

111. Harrison Township knew or should have known of the harassing conduct against Brewer by Hasser.

112. Defendants Crist and Harrison Township condoned, tolerated, and ratified this harassing conduct.

113. This harassing conduct was severe and/or pervasive.

114. This harassing conduct was offensive to Brewer.

115. This harassing conduct interfered with Brewer's ability to perform her job duties.

116. Defendants' offensive and harassing conduct created a hostile and/or abusive work environment for Brewer.

117. Defendants' offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Brewer.

118. As a direct and proximate result of Defendants' conduct, Brewer suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT V:  RETALIATION IN VIOLATION OF TITLE VII**

**(Defendant Harrison Township)**

119. Brewer restates each and every prior paragraph of this complaint, as if it were fully restated herein.

120. As a result of Defendants' discriminatory conduct described above, Brewer complained about the harassment she was experiencing.

121. Subsequent to Brewer's reporting of harassment, Defendants terminated her employment.

122. Defendants' actions were retaliatory in nature based on Brewer's opposition to the unlawful discriminatory conduct.

123. Pursuant to 42 U.S.C. § 2000e-3, it is an unlawful discriminatory practice for an employer to retaliate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

124. As a direct and proximate result of Defendants' conduct, Brewer suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT VI:  RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

### (All Defendants)

125. Brewer restates each and every prior paragraph of this complaint, as if it were fully restated herein.

126. As a result of Defendants' discriminatory conduct described above, Brewer complained about the harassment she was experiencing.

127. Subsequent to Brewer's reporting of harassment, Defendants terminated her employment.

128. Defendants' actions were retaliatory in nature based on Brewer's opposition to the unlawful discriminatory conduct.

129. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

130. As a direct and proximate result of Defendants' conduct, Brewer suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT VII: VIOLATION OF R.C. § 4112.02(J)

### (Defendants Crist and Hasser)

131. Brewer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

132. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

133. Crist aided, abetted, incited, coerced, and/or compelled Harrison Township's discriminatory termination of Brewer's employment.

134. Hasser aided, abetted, incited, coerced, and/or compelled Harrison Township's discriminatory termination of Brewer's employment.

135. Crist aided, abetted, incited, coerced, and/or compelled Harrison Township's discriminatory treatment of Brewer.

136. Hasser aided, abetted, incited, coerced, and/or compelled Harrison Township's discriminatory treatment of Brewer.

137. Defendants violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

138. Pursuant to R.C. § 4112.02(J), it is an unlawful discriminatory activity "to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."

139. Hasser attempted to create a hostile work environment on the basis of sex.

140. Hasser attempted to get Harrison Township to terminate Brewer's employment on the basis of sex.

141. As a direct and proximate result of Defendants' conduct, Brewer has suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT VIII: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1983**

**(Defendants Crist and Hasser)**

142. Brewer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

143. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution states that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

144. Discrimination on the basis of sex denies a person equal protection of the laws.

145. Defendants treated Brewer differently than other similarly-situated employees based on her gender.

146. Defendants discriminated against Brewer on the basis of her gender throughout her employment with the company.

147. Defendants terminated Brewer's employment without just cause.

148. Defendants terminated Brewer's employment based on her gender.

149. 42 U.S.C. § 1983 states that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…"

150. Crist and Hasser acted under color of statute, ordinance, regulation, custom, or usage in discriminating against and terminating the employment of Plaintiff.

151. Defendants deprived Plaintiff of her rights, privileges, or immunities under the Fourteenth Amendment to the U.S. Constitution.

152. As a direct and proximate result of Defendants' conduct, Brewer has suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT VIII: RETALITION IN VIOLATION OF 42 U.S.C. § 1983

**(Defendants Crist and Hasser)**

153. Brewer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

154. The Free Speech Clause of the First Amendment to the U.S. Constitution prohibits the abridgement of free speech.

155. Discrimination against public employees is a matter of public concern.

156. Brewer spoke in opposition to discrimination against and harassment of public employees.

157. Brewer's interest in speaking against the discrimination and harassment outweighed Defendants' interest in regulating her speech.

158. Defendants terminated Plaintiff's employment in retaliation for her opposing discrimination and harassment.

159. Crist and Hasser acted under color of statute, ordinance, regulation, custom, or usage in terminating the employment of Plaintiff.

160. Defendants deprived Plaintiff of her rights, privileges, or immunities under the First Amendment to the U.S. Constitution.

161. As a direct and proximate result of Defendants' conduct, Brewer has suffered and will continue to suffer damages, including economic and emotional distress damages.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Brewer respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i)       Requiring Harrison Township to abolish discrimination, harassment, and retaliation;

    (ii)      Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)     Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv)     Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v)      Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

14

(b) An award against each Defendant of compensatory and monetary damages to compensate Brewer for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Brewer claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Paul Filippelli*
Paul Filippelli (0097085)
Trisha Breedlove (0095852)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: paul.filippelli@spitzlawfirm.com
Email: trisha.breedlove@spitzlawfirm.com
*Attorneys for Plaintiff Steffinie Brewer*

## JURY DEMAND

Plaintiff Brewer demands a trial by jury by the maximum number of jurors permitted.

*/s/ Paul Filippelli*
Paul Filippelli (0097085)
Trisha Breedlove (0095852)